IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ADAM RAKIBU,**

      **Petitioner,**

v.                                                                    **Civil Action No. 3:24cv562**

**JEFFREY CRAWFORD,** *et al.*,

      **Respondents.**

## MEMORANDUM OPINION

Petitioner, a federal detainee proceeding *pro se*, submitted a 28 U.S.C. § 2241 petition. (ECF No. 1.) In his petition, Petitioner challenged his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1, at 6.) Petitioner has another petition for a writ of habeas corpus pending before this Court wherein he challenges the same ongoing detention by ICE. *See Rakibu v. U.S. Immigration and Customs Enforcement*, No. 3:24-cv-005 (E.D. Va. filed Jan. 3, 2024). The Government filed its response in that case. (*See* ECF No. 10.) Accordingly, by Memorandum Order entered on September 6, 2024, the Court directed Petitioner, within twenty (20) days of the date of entry thereof, to show good cause why the present petition should not be dismissed without prejudice to Petitioner's litigation of his claims currently pending in *Rakibu v. U.S. Immigration and Customs Enforcement*, No. 3:24-cv-005. (ECF No. 2, at 1.) The Court explained that the failure to comply with this directive would result in summary dismissal of the action. *See* Fed. R. Civ. P. 41(b).

More than twenty (20) days have elapsed, and Petitioner failed to respond. Accordingly, by Memorandum Opinion and Order entered on October 8, 2024, the Court dismissed the action without prejudice. (ECF No. 4.)

On November 7, 2024, the Court received from Petitioner a "Motion", (ECF No. 7), and a Notice of Appeal, (ECF No. 8), that was postmarked on November 4, 2024, (ECF No. 8-1). Petitioner's Motion will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Petitioner indicates that he "never was served with the Memorandum Opinion on 9/6/24, until I've received the final order of dismissal on 10/8/24." (ECF No. 7, at 1.) Petitioner indicates that he was not aware he needed to respond within twenty (20) days, presumably because he did not receive the the order directing him to show good cause. (ECF No. 7, at 1.) Plaintiff fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. When Petitioner received the Memorandum Opinion and Order entered on October 8, 2024, it very clearly indicated that his § 2241 petition was a duplicate, that he could not litigate two § 2241 petitions challenging the

same detention at the same time, and that he was required to show good cause why he should be able to proceed with two § 2241 petitions. In his most recent submissions, Petitioner fails to show good cause for why he should be permitted to litigate two § 2241 petitions challenging his ongoing detention simultaneously. In sum, Petitioner offers no persuasive reason why Rule 59(e) relief is appropriate. Moreover, Petitioner may litigate his claims in his pending actions.[1] Accordingly, the Rule 59(e) Motion, (ECF No. 7), will be DENIED.

    An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 12/2/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[1] Accompanying his Motion and Notice of Appeal was a new 28 U.S.C. § 2241 petition that lacked an identifying case number. Because the new § 2241 petition lacked a case number, the Court opened it as a new civil action. *See Rakibu v. Crawford*, No. 3:24-cv-805 (E.D. Va. filed Nov. 13, 2024).